IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                              ORDER

               Petitioner,

                          09-cv-79-slc[1]

      v.

DANE COUNTY ADMINISTRATION/JAIL STAFF,
DEBRA BARTH, R. PHILLIPS, DC INSTITUTION,
DODGE CORRECTIONAL INSTITUTION,
HELEN, Business Office, SGT HAAS and
OFFICER WILD (D.C.I.),

               Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Petitioner James Grant, a prisoner at the Dodge Correctional Institution in Waupun, Wisconsin, has submitted a proposed complaint and a request for leave to proceed in forma pauperis. He has struck out under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any future suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury. I conclude that petitioner's complaint does not

---

    [1]Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order, I am assuming jurisdiction over this case.

qualify for the imminent danger exception to § 1915(g).  Therefore, his request for leave to proceed in forma pauperis will be denied.

Section 1915(g) reads as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, I denied petitioner leave to proceed in forma pauperis in lawsuits that were legally frivolous.  See Grant v. Barth, 08-cv-669-slc, decided January 8, 2008; Grant v. Robinson, 08-cv-689-slc, decided January 9, 2008; and Grant v. Zeigler, 08-685-slc, decided January 15, 2008.  Therefore, petitioner cannot proceed in this case unless I find that the complaint alleges that he is in imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the threat or prison condition must be real and proximate.  Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)).  Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the court considers his request for leave to proceed in forma pauperis.  See id. (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)).  Ordinarily, claims of physical injury arise in the context of lawsuits alleging Eighth Amendment violations.

Petitioner's complaint does not allege facts from which an inference may be drawn that he is under imminent danger of serious physical injury.  In his complaint, petitioner alleges that respondents retaliated against him for filing lawsuits against Dane County jail

and Dodge Correctional Institution officials.  Specifically, he says that respondent Helen failed to timely submit his payments for filing fees in two other lawsuits he filed in this court and that respondents Dane County jail staff, Debra Barth, R. Phillips, Officer Wild and Sergeant Haas illegally tampered with his legal mail and overcharged him for postage.  In addition, in a letter accompanying petitioner's complaint, he says that in 2008, Dane County jail staff denied him the use of an indigent phone card and refused to give him a television in his cell, and in "2003/2004," petitioner was placed in administrative confinement for defending himself in a fight.

Petitioner's claims in this case do not pass muster under § 1915(g).  The thrust of his complaint is that respondents retaliated against him because he filed lawsuits against officials at the Dane County jail and Dodge Correctional Institution.  Petitioner's rambling narrative of unrelated allegations of past harm does not provide any reason to conclude that he is in imminent danger of serious physical injury.  Therefore, because it is clear that petitioner's complaint is not a complaint requiring application of the exception to § 1915(g), his request for leave to proceed in forma pauperis will be denied.

Although petitioner is disqualified from proceeding in forma pauperis under § 1915(g), he may choose to pursue this case as a paying litigant.  If so, he must submit a check or money order made payable to the clerk of court in the amount of $350.  If he does this, however, petitioner should be aware that the court then will be required to screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  If petitioner does not make the $350

payment by March 12, 2009, I will consider that he does not want to pursue this action.  In that event, the clerk of court is directed to close this file.


ORDER

IT IS ORDERED that petitioner James Grant's request for leave to proceed in forma pauperis is DENIED because petitioner is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

Further, IT IS ORDERED that petitioner may have until March 12, 2009, in which to submit a check or money order made payable to the clerk of court in the amount of $350.  If, by March 12, 2009, petitioner fails to pay the fee, the clerk of court is directed to close this file.

Entered this 19th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge